UNITED STATES, Appellee

v

WILLIAM HARE, Technical Sergeant, U. S. Air Force, Appellant

10 USCMA 309, 27 CMR 383

No. 12,467

Decided March 27, 1959

*Captain Norman K. Hogue* argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel Sam F. Carter*.

*Major Lawrence J. Gross* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Robert W. Michels*.

Opinion of the Court

GEORGE W. LATIMER, Judge:

In the case at bar, we are confronted with accused's assertion that he was prejudiced by certain incorrect and misleading information furnished to the convening authority by the staff judge advocate. The facts giving rise to this contention are these: The accused was a technical sergeant who was convicted of an eleven-day absence without leave, in violation of Article 86, Uniform Code of Military Justice, 10 USC § 886, and a larceny of $353.50, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921. He was sentenced to be confined at hard labor for one year and to forfeit all pay and allowances for a like period of time. In accordance with Article 61 of the Code, 10 USC § 861, the staff judge advocate rendered his written review to the convening authority. It was complete in all respects and contained extensive personal data pertaining to the accused,

his civilian and military background, and other clemency considerations. In the course of this review, under the heading of clemency evaluation, the reporting officer commented as follows:

"Notwithstanding the accused's persistent denials of guilt, his offenses are serious and require adequate punishment. Since no punitive discharge was adjudged, accused will ultimately return to duty in the lowest enlisted grade. With time off for good behavior, he will serve less than one year in confinement. I see no reason to grant him clemency at this time. He has made no restitution of the sums stolen."

The particular grievance which is the basis for accused's assignment of error is found in the sentence which states: "Since no punitive discharge was adjudged, accused will ultimately return to duty in the lowest enlisted grade." This legal conclusion was predicated on the law as it was interpreted by the services prior to the decision of this Court in United States v Simpson, 10 USCMA 229, 27 CMR 303. Since that case held that the executive proclamation requiring automatic reduction was invalid, the staff judge advocate erroneously stated the law to the convening authority. However, that is only the beginning of our inquiry and not the end. The ultimate issue for consideration in this case is not whether the advice was incorrect but whether the accused was harmed.

Accused contends the convening authority was misled and with that contention we are willing to agree. However, when the paragraph is considered in its entirety and with respect to its purpose, it is apparent the staff judge advocate was laying a foundation to support his recommendation that no further clemency should be extended by the convening authority. When viewed in that light, the statement, even if in this case it did not redound to the benefit of accused, certainly did not operate to his prejudice.

In order to better present the problem, it is considered desirable to refer to the Air Force regulations which were in effect at that time. AFR 111-

310

15, March 18, 1957, was promulgated to modify the automatic reduction in grade provisions of paragraph 126e, Manual for Courts-Martial, United States, 1951. In that regulation, a convening authority in the Air Force was clothed with the power to retain the accused in his present or an intermediate grade under certain limitations which are of no importance to the issue at hand. Accordingly, in the case at bar, the staff judge advocate apparently believed the convening authority could take affirmative action to permit the accused to retain his grade of technical sergeant or to limit his reduction to any intermediate grade. Under the then existing state of the law, either of those actions would lessen the punishment ultimately to be suffered by the accused, but it is to be noted that the staff judge advocate was opposed to the extension of any clemency in that form or any other, and he was supported by the convening authority. Therefore, if we start with the premise that both the staff judge advocate and the convening authority misunderstood the law and believed the accused would return to the service as a basic airman, their thought process in determining appropriateness followed this pattern. Both necessarily considered that the maximum punishment which could be affirmed would not exceed confinement at hard labor for one year, forfeiture of all pay and allowances for a like period, and reduction to the lowest enlisted pay grade. The record shows each concluded that that was appropriate punishment for the offenses committed and no further clemency should be extended. It is apparent, therefore, that if, under United States v Simpson, supra, the accused is not reduced—and from the record before us there is no indication whatever that he has been—then in fact his sentence is less severe than the one considered appropriate by the reviewing officers. Surely there can be no question about the conclusion that if the greater is considered fair and just, the lesser must necessarily be appropriate. In other words, if the yardstick for measuring appropriateness was inaccurate, the inexactness gave the accused at least all he was entitled to. Had the converse been true

and had the staff judge advocate advised the convening authority that the accused would not be reduced, when in law he would, then the misconception would have been harmful for one of the ingredients of punishment which the accused was bound to suffer would have been overlooked. But here reduction in grade equals loss of pay, and in this instance that element was overstated, for if accused continues in his present grade, his pay and allowances, when returned to duty, will far exceed those which the convening authority thought he would obtain. Perhaps, by converting the loss of pay to dollars and cents, we can make the point clear. A basic airman of accused's length of service is paid approximately $105 per month, while a technical sergeant receives in the neighborhood of $300 for the same period. If the convening authority believed the accused would return to duty at $105 per month, he would conclude that the punishment included loss of approximately $200 per month until such time as the accused might eventually reach his former grade. Now if, in fact, he loses no pay, then the accused is the beneficiary of a substantial monthly sum which the staff judge advocate and the convening authority concluded he would not obtain. Thus, the convening authority approved a much less onerous punishment than he found appropriate. Manifestly, therefore, the accused was not prejudiced by the staff judge advocate's comment, and he has no cause to complain.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge FERGUSON concur.